UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamie Christopher O'Neill, # 10-12636, | ) C/A No.: 7:11-460-HFF-JDA </br>) |
|                 Plaintiff, | ) </br>) |
| vs. | ) </br>) Report and Recommendation |
| Clay Allen, Director, Spartanburg County Public Defender Office; and </br>Tracy Moss, Spartanburg County Sheriffs Office, | ) </br>) </br>) </br>) |
|                 Defendants. | ) |

The Plaintiff, Jamie Christopher O'Neill, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a pretrial detainee in the Spartanburg County Detention Center and files this action *in forma pauperis* under 28 U.S.C. § 1915. He is charged with Domestic Criminal Violence of a High and Aggravated Nature. The Complaint names as Defendants Clay Allen, Director of the Spartanburg County Public Defender's Office, and Tracy Moss, an employee with the Spartanburg County Sheriff's Office.[2]

Plaintiff alleges that he is not receiving proper representation from his court appointed attorney, although Plaintiff has not named his attorney as a Defendant. Plaintiff also alleges that the investigating officer, Defendant Moss, failed to fully investigate before seeking an arrest warrant.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

More specifically, Plaintiff claims that his attorney has failed to file motions for "Speedy Trial, Evidence Submission, Discovery, and Attorney Release (Dismissal)." Plaintiff also claims that Defendant Moss has slandered him and has caused him public humiliation via the media resulting in mental stress and anguish. Plaintiff asks that the charges be dismissed, or that a full investigation be conducted by a new attorney. He also asks for compensation for mental health therapy due to post traumatic stress syndrome and he seeks a public apology. He further seeks injunctive relief in so far as he "would like training to be mandated for Invest[i]gators to better their skills to prevent false arrests in the future." The complaint should be dismissed for failure to state a claim upon which relief may be granted.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the Complaint "lacks an arguable basis either in law or in fact." *Denton*

*v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980) *(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

As an initial matter, Plaintiff can not proceed against the supervisor of his court appointed attorney, Defendant Allen, because he has not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); and *Polk County v. Dodson*, 454 U.S. 312, 317-24 & nn. 8-16 (1981) (public defender). *See also Lugar v. Edmondson Oil Co.*, 457

U.S. 922, 936 (1982) (As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that "most rights secured by the Constitution are protected only against infringement by governments...") *(citing Flagg Brothers*, 436 U.S. 149, 156, 98 S.Ct. 1729, 1733 (1978)).

Furthermore, to assert a claim under § 1983, the plaintiff must allege "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; *see also West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint claims false arrest, or, in the alternative, malicious prosecution. These types of issues could be construed as a claim for unconstitutional deprivation of liberty under the Fourth Amendment's prohibition of unreasonable seizures. The Complaint, however, indicates Plaintiff was arrested with a warrant. Under § 1983, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181-82 (4th Cir. 1996) (when arresting official makes the arrest with a facially valid warrant it is not false arrest).

To the extent the Complaint alleges the arrest warrant was not facially valid, or alleges there were defects in the arrest warrant itself, this type of claim is typically construed as a claim of malicious prosecution. The decision in *Wallace v. Kato*, 127 S.Ct.1091, 2007 WL 517122 (February 21, 2007) limited the application of *Heck*[3] when a pre-trial detainee alleges false arrest; however, *Heck* remains a bar to challenging other pre-trial events via a civil rights suit. *See Jovanovic v. City of New York*, 2008 WL 355515 (S.D.N.Y. Feb 07, 2008) (Supreme Court granted certiorari but "expressly limited" the grant "to the Fourth Amendment false arrest claim"). Consequently,

---

[3]*See Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff's malicious prosecution claim, to the extent he has stated one, must be dismissed.

The remaining state law claims do not state a claim for deprivation of federal rights under § 1983. Plaintiff's state law claims could be heard by this Court through the exercise of "supplemental jurisdiction," which allows federal courts to hear and decide state law claims along with federal law claims, *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998); however, no valid federal claim has been presented to which the state law claims could attach. Federal courts are permitted to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) if "the district court has dismissed all claims over which it has original jurisdiction." Under supplemental jurisdiction, the federal claim acts as a jurisdictional "crutch." David D. Siegel, Commentary on 1990 Revision, appended to 28 U.S.C.A. § 1367 (West 1993). Clause (c)(3) recognizes that once that crutch is removed, the remaining state claim should not be adjudicated. *Id.*

A civil action for Plaintiff's state law claims could also be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied. The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). This Court does not have diversity jurisdiction in this case because Plaintiff and Defendants are all citizens of the State of South Carolina, which defeats the required complete diversity of parties.

More importantly, absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37, 44

5

(1971); *Harkrader v. Wadley*, 172 U.S. 148, 169-170 (1898); *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989), *cert. denied*, 494 U.S. 1030 (1990). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue of Charlotte, Inc. v. Gilchrist*, *supra*, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975) (*en banc*), *cert. denied*, 424 U.S. 946 (1976). In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." The *pro se* petitioner also does not meet the tests for a preliminary injunction or temporary restraining order enunciated in such cases as *North Carolina State Ports Authority v. Dart Containerline Company*, 592 F.2d 749, 750-753 & n. 3 (4th Cir. 1979).

Finally, although Plaintiff asks this Court to dismiss the pending charges against him, he cannot obtain this type of relief in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983).

6

**RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal).

s/Jacqueline D. Austin  
United States Magistrate Judge

March 18, 2011  
Greenville, South Carolina

*The Plaintiff's attention is directed to the important NOTICE on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Room 239
> 300 East Washington St.
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).